FILED
John E. Triplett, Acting Clerk
United States District Court

*By MGarcia at 2:51 pm, May 14, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ALEJANDRO ARZATE,

       Petitioner,

v.

WARDEN TRACY JOHNS,

       Respondent.

CIVIL ACTION NO.: 5:20-cv-30

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court upon Petitioner Alejandro Arzate's ("Arzate") failure to comply with the Court's April 2, 2020 Order and Respondent's Motion to Dismiss.  Docs. 4, 5.  For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Arzate's Petition for failure to follow the Court's Order.  I also **RECOMMEND** the Court **DENY as moot** Respondent's Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Arzate leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Arzate that his suit is due to be dismissed.  As indicated below, Arzate will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's

**BACKGROUND**

On March 2, 2020, Arzate filed his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. After Arzate paid the requisite filing fee, this Court directed service of Arzate's Petition. Doc. 3. Respondent filed his Motion to Dismiss on March 31, 2020, doc. 4, and the Court ordered Arzate to respond to the Motion to Dismiss within 14 days of its April 2, 2020 Order, doc. 5. The Court advised Arzate if he failed to respond, the Court would determine he did not oppose the Motion, would grant it as unopposed, and deem Arzate as failing to follow a Court Order. Id. That Order was not returned to the Court as undeliverable or as otherwise failing to reach Arzate. Arzate did not respond to the Court's Order within 14 days.

**DISCUSSION**

The Court must now determine how to address Arzate's failure to comply with this Court's Order. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Arzate's Petition. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Arzate leave to appeal *in forma pauperis*.

**I.   Dismissal for Failure to Follow This Court's Order**

A district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty.

---

report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2]   In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. However, in this case, Arzate was forewarned of the consequences of failing to respond to the Motion to Dismiss and this Court's Order. Doc. 5.

2

Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Arzate failed to follow this Court's Order or to otherwise respond to the Motion to Dismiss, despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so.  Doc. 5.  Thus, the Court should **DISMISS without prejudice** Arzate's § 2241 Petition.  Doc. 1.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Arzate leave to appeal *in forma pauperis*.  Though Arzate has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v.

4

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Arzate's failure to follow this Court's directive, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Arzate *in forma pauperis* status on appeal.

## CONCLUSION

I **RECOMMEND** the Court **DISMISS without prejudice** Arzate's Petition for failure to follow the Court's Order.  I further **RECOMMEND** the Court **DENY as moot** Respondent's Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Arzate leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court

**DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 14th day of May, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA